**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| RAYMOND D. JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:12-cv-00076 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ORANGE COUNTY, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

This matter is before the court on Raymond D. Johnson's civil rights action, brought pursuant to 42 U.S.C. § 1983. Johnson alleges that he was subjected to malicious prosecution, was unlawfully convicted, and is falsely imprisoned. As relief, Johnson seeks freedom, restoration of his rights, and damages. The court finds that Johnson's claim for damages is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because he has not demonstrated that his underlying conviction has been declared invalid. The court also finds that Johnson's request for freedom and restoration of his rights is not relief that is available under § 1983. Accordingly, the court dismisses Johnson's action without prejudice for failure to state a claim.

**I.**

Johnson argues that he has been subjected to malicious prosecution, unlawfully convicted, and is falsely imprisoned. To the extent Johnson seeks damages on the basis that his confinement is unconstitutional, his claim fails. In order to recover damages for unlawful confinement, Johnson must demonstrate that his current confinement was "declared invalid by a state tribunal authorized to make such determination" or that it was "called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. As Johnson's confinement has not been declared invalid and a writ of habeas corpus has not been issued, he cannot recover damages.

## II.

To the extent Johnson seeks freedom and restoration of his rights, the court finds that such relief is not available under § 1983 and, therefore, dismisses his claim. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), see generally, Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). Accordingly, the court denies Johnson's claim for relief.

## III.

For the reasons stated, the court dismisses Johnson's complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send a certified copy of this Order and accompanying Memorandum Opinion to the plaintiff.

**ENTER**: This 27th day of February, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE